972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CITIZENS for the Scenic Severn River Bridge, Incorporated;
Dorothy M. Ackler; James D. Vance, Plaintiffs-Appellants,
v.
Samuel K. SKINNER; Thomas D. Larson; O. James Lighthizer;
Hal Kassoff; Torrey C. Brown, Secretary, Maryland
Department of Natural Resources; James B. Busey, Admiral;
Andrew H. Card, Jr., Secretary, United States Department of
Transportation, Defendants-Appellees.
NATIONAL TRUST for Historic Preservation in the United
States; Historic Annapolis Foundation; Annapolis Historic
District Commission; Severn River Association; Annapolis
Preservation Trust, Incorporated, Amici Curiae.
 No. 91-1267.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 3, 1992
Decided: July 29, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-91-2607-JH)
 ARGUED: Richard Bart Nettler, Robins, Kaplan, Miller & Ciresi, Washington, D.C., for Appellant.
 Andrea Carol Ferster, Assistant General Counsel, National Trust for Historic Preservation in the United States, Washington, D.C., for Amici Curiae.
 Lawrence Paul Fletcher-Hill, Assistant Attorney General, Baltimore, Maryland; Beverly Sherman Nash, Environmental and Natural Resources Division, United States Department of Justice, Washington, D.C., for Appellees.
 ON BRIEF: Pamela M. Deese, Robins, Kaplan, Miller & Ciresi, Washington, D.C.; Thomas McCarthy, Jr., Annapolis, Maryland, for Appellants.
 Paul W. Edmondson, Acting General Counsel, Elizabeth S. Merritt, Associate General Counsel, National Trust for Historic Preservation in The United States, Washington, D.C., for Amicus Curiae National Trust for Historic Preservation; Jonathan A. Hodgson, Annapolis City Attorney, Annapolis, Maryland, for Amicus Curiae Annapolis Historic District Commission; Ann F. Fligsten, Acting President & Legal Counsel, Historic Annapolis Foundation, Annapolis, Maryland, for Amicus Curiae Historic Annapolis Foundation. J. Joseph Curran, Jr., Attorney General of Maryland, Douglas N. Silber, Assistant Attorney General, Baltimore, Maryland; Myles E. Flint, Deputy Assistant Attorney General, Martin W. Matzen, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for Appellees.
 D.M.d.
 Affirmed.
 Before WIDENER and HAMILTON, Circuit Judges, and STAMP, United States District Judge for the Northern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This action arises out of the planned replacement by federal and Maryland state authorities of a bridge which spans the Severn River adjacent to Annapolis, Maryland. The Citizens for the Scenic Severn River Bridge, Inc. (Citizens) and the City of Annapolis brought separate actions against the United States Secretary of Transportation, the Secretary of the Maryland Department of Transportation, and the Administrator of the Maryland State Highway Administration (hereinafter collectively referred to as the "Secretary") seeking to enjoin the replacement, as proposed, of the Severn River Bridge. The district court consolidated the cases and granted summary judgment in favor of the Secretary. This appeal followed.[1]
 
 
 2
 The parties agree that the existing bridge is in a potentially dangerous state of disrepair. The Secretary argues that the bridge must be replaced, while the Citizens assert that the bridge could be replaced or extensively repaired. The Secretary began planning to repair or replace the bridge in early 1980. In 1982 and 1983, the Secretary held meetings with the public, local government officials, interested groups, and community organizations. As a result of these meetings, the Secretary ultimately focused on a conventional high-level structure as the appropriate replacement alternative for the bridge. The Federal Highway Administration (FHA) determined that the project was excluded from the National Environmental Protection Act (NEPA), 42 U.S.C. §§ 4321-4347, but required studies of potential impacts on publicly owned property. These studies were performed by the Secretary and approved by the FHA in May 1985, and again in 1991 upon review of the interim changes. At the Maryland Governor's request, the Secretary held a design competition in 1987. The final proposed design was selected and renderings placed on public display in May 1990. Over the decade preceding this litigation, in order to obtain approval from various governmental entities, the Secretary or the approving governmental entities themselves studied and investigated the environmental impact of the project. Their studies included consideration of: the adjacent Naval Academy, a nearby state park, the City of Annapolis, pedestrian and bicycle traffic, area traffic congestion, marine traffic, the surrounding wetlands, the bridge itself, potential archaeological sites, and scenic views. After the design was selected in 1990, funding was arranged and preliminary work began in anticipation of construction.
 
 
 3
 After the cases were consolidated, the Citizens submitted a motion for a preliminary injunction and the Secretary submitted a motion for summary judgment. The district court examined the Citizens' claims and found that, with respect to the following claims, summary judgment was appropriate: (1) violation of the NEPA, (2) failure to comply with Section 4(f) of the Transportation Act, 49 U.S.C. § 1653(f),[2] (3) failure to comply with the National Historic Preservation Act (NHPA), 16 U.S.C. § 470(b), (4) failure to consider the safety of pedestrians and bicyclists under 23 C.F.R § 652.5, (5) violation of the Maryland Coastal Zone Management Act, enacted under authority of 16 U.S.C. § 1456, and (6) failure to comply with the public hearing requirements of 23 C.F.R. 711.111(h)(2). As an alternative holding, the district court ruled that the doctrine of laches barred the Citizens' action.
 
 
 4
 As to the claims that the Secretary violated the Maryland Environmental Policy Act, Md. Ann. Code Nat. Res. # 8E8E # 1-301 through 1-305 (1991); the Maryland Scenic and Wild Rivers Act, Md. Ann. Code Nat. Res. § 8-405 (1991); and the Chesapeake Bay Critical Areas Regulation, Md. Ann. Code Nat. Res. § 8-1814 (1991); the district court declined, under abstention doctrines, to rule on these questions.
 
 
 5
 After reviewing the record, the parties' submissions,[3] and hearing oral argument, we conclude that the district court properly granted summary judgment in favor of the Secretary and correctly abstained from exercising jurisdiction over the remaining state law claims. Accordingly, we affirm based on the well-reasoned opinion of the district court. Citizens for the Scenic Severn River Bridge v. Skinner, CA-91-2607-JH (D. Md. Dec. 4, 1991).
 
 AFFIRMED
 
 
 [1]
 The City of Annapolis did not join the Citizens in the appeal
 
 
 [2]
 The Citizens devoted much effort, on appeal, to asserting that the Secretary failed to consider the allegedly publicly owned Pendennis Shrub Swamp in the Section 4(f) study. From the information contained in their supplemental brief on this subject, however, this area, as the district court noted, was appropriately considered within the overall evaluation of the wetlands surrounding the project
 
 
 [3]
 The Secretary's pending motion to re-submit photographs already contained within the joint appendix is granted. We find the Citizens' objection to this motion to be without merit. The Citizens' pending motion to file a supplemental memorandum is also granted; their motion for an injunction pending appeal is denied